Filed 12 November 26 P5:43
Chris Daniel - District Clerk
Harris County
ED101J017198613
By: Roxana Garcia

CAUSE NO. 2012-64082

| | | |
|---|---|---|
| JOSE MARIA MOYA, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF JOSE MARIA SAUCEDA, JR., DECEASED; JOSE MARIA SAUCEDA, SR.; MARIA SOLIS; ALICIA MOYA; LAURA LOZANO AS NEXT FRIEND OF JOEL SAUCEDA, A MINOR, AND CHRISTINA M. SCOTT AS NEXT FRIEND OF ANGEL SAUCEDA, A MINOR | § § § § § § § § § § | IN THE DISTRICT COURT OF |
| vs. | § § | HARRIS COUNTY, TEXAS |
| CITY OF PASADENA, TEXAS, AND DETECTIVE MIKE YOUNG, OFFICER COPPEDGE (F/N/U), OFFICER TEEPE (F/N/U), OFFICER PETER RUFFIN, AND JOHN DOES, IN THEIR INDIVIDUAL CAPACITIES AND IN THEIR OFFICIAL CAPACITIES FOR THE CITY OF PASADENA, TEXAS | § § § § § § § § § | 127TH JUDICIAL DISTRICT |

## DEFENDANTS', YOUNG, COPPEDGE, TEEPEE, RUFFIN AND CITY OF PASADENA, DEFENSES AND ANSWER

Defendants Detective Michael Young, Officer Justin Coppedge, Officer Richard Teepee, Officer Peter Ruffin and the City of Pasadena, Texas, come now and present their defenses and answer, and would respectfully show as follows:

### FIRST DEFENSE

1. Plaintiffs fail to state a claim for which relief could be granted.

### SECOND DEFENSE

2. Qualified and official immunity bars, under federal and state law, Plaintiffs' claims against Detective Young, Officer Coppedge, Officer Teepee and Officer Ruffin.

### THIRD DEFENSE

3. The City is protected from suit and liability under Texas law by governmental immunity.



## FOURTH DEFENSE

4. Plaintiffs have not shown they are proper parties to this action or that they have standing to assert the claims alleged. The Plaintiffs were neither injured, nor deprived of any right, privilege or immunity protected by the Constitution or laws of the United States nor can they, absent some established authority under the law, assert claims on behalf of any other individual.

5. Plaintiffs lack standing to assert claims under the Texas Wrongful Death Statutes, TEX. CIV. PRAC. & REM. CODE §§ 71.001-71.012. Plaintiffs have not established they are lawful wrongful death beneficiaries or, that they are all potential wrongful death beneficiaries.

6. The Plaintiffs lack standing to assert claims under the Texas Survival Statutes, TEX. CIV. PRAC. & REM. CODE §§ 71.021-71.022 because they have failed to establish compliance with the requirements of TEX. CIV. PRAC. & REM. CODE § 71.021.

## FIFTH DEFENSE

7. Detective Young, Officer Coppedge, Officer Teepee, Officer Ruffin and the City invoke the doctrine of comparative negligence. Jose Maria Sauceda Jr.'s conduct was a proximate cause of the occurrence forming the basis of this lawsuit. Alternatively, Sauceda's intentional conduct and/or negligence were the sole cause of his claimed damage, if any.

## SIXTH DEFENSE

8. The liability of Detective Young, Officer Coppedge, Officer Teepee and Officer Ruffin under Texas law is barred or limited by the provisions of § 101.106, § 108.002 and Chapter 41 of the TEX. CIV. PRAC. & REM. CODE.

## SEVENTH DEFENSE

9. The City's liability under Texas law, if any, is barred or limited by the provisions of § 101.023 and § 101.024 of the TEX. CIV. PRAC. & REM. CODE.

## EIGHTH DEFENSE

10. Detective Young, Officer Coppedge, Officer Teepee and Officer Ruffin assert their rights under the Due Process and Equal Protection Clauses of the 14th Amendment to the United States Constitution and maintain that punitive damages in this case are unconstitutional if and to the extent they are assessed:

   a. In an amount left to the discretion of the judge and/or jury;

   b. In any decision representing less than a unanimous verdict;

   c. Where underlying culpability is not assessed upon a finding of guilt beyond a reasonable doubt;

   d. Where the standard of guilt is not clearly defined; and/or

   e. Where the assessment of punitive or exemplary damages differs from defendant to defendant and treats similarly situated defendants materially differently.

## GENERAL DENIAL

11. Subject to the foregoing defenses, Detective Young, Officer Coppedge, Officer Teepee, Officer Ruffin and the City assert a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that Plaintiffs be required to prove all alleged charges and allegations made against Defendants by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Detective Young, Officer Coppedge, Officer Teepee, Officer Ruffin and the City pray they be released, discharged, and acquitted of all charges and allegations filed against them, that judgment be rendered in their favor, either prior to, or at the conclusion of a trial of this matter, that Plaintiffs take nothing by reason of this suit, and that these Defendants recover all costs of court and attorney's fees incurred in defending

against Plaintiffs' claims, as well as other relief to which the Defendants are justly entitled in law and equity.

Respectfully submitted,

/s/ *WILLIAM S. HELFAND*
WILLIAM S. HELFAND
Attorney-in-Charge
State Bar No. 09388250
NORMAN RAY GILES
State Bar No. 24014084

OF COUNSEL:

CHAMBERLAIN, HRDLICKA, WHITE,
    WILLIAMS & AUGHTRY
1200 Smith Street, Suite 1400
Houston, Texas 77002
713-654-9630
713-658-2553 (Fax)
ATTORNEYS FOR DEFENDANTS
CITY OF PASADENA, TEXAS
DETECTIVE MICHAEL YOUNG
OFFICER JUSTIN COPPEDGE
OFFICER RICHARD TEEPEE
OFFICER PETER RUFFIN

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record on this 26th day of November, 2012, as follows:

W. Mark Lanier
Lawrence P. Wilson
6810 FM 1960 West
Houston, Texas 77069

/s/ *WILLIAM S. HELFAND*

1167619
3856-341